MICHAEL J. FINNELL, Respondent, *v.* THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Appellant.

Railroad tracks are not ballasted for the purpose of making them safe for the employes of the company to walk thereon, but to make them firm and safe for the passage of trains, and the failure of the company to ballast a side track used for stowing cars and making up trains is not a breach of any duty it owes its employes.

Plaintiff, a brakeman in defendant's employ, was upon the tender of an engine backing down slowly upon a side track used for stowing cars and making up trains, for the purpose of coupling it with a car standing on the said track; this was not ballasted like the main track and between some of the ties there was no ballast. Plaintiff was an experienced brakeman acquainted with the locality, and the condition of the track was perfectly visible; he had the entire control of the movements of the engine and could have stopped it by a motion of his hand to the engineer. Plaintiff jumped from the tender into the middle of the track as it approached the car and while slowly walking backward attempting to remove the link in the draw-head of the car, his foot caught between two ties and he was run over and injured. In an action to recover damages, *held*, that there was no negligence on the part of defendant, and that plaintiff was chargeable with contributory negligence.

*Plank* v. *N. Y. C & H. R. R. R. Co.* (60 N. Y. 607), distinguished.

(Argued December 17, 1891; decided January 20, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made February 3, 1891, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

The following is the opinion in full:

"In September, 1888, the plaintiff was a brakeman in the service of the defendant, and while attempting to couple a car to the tender of an engine upon a branch track one of his feet was caught between two ties and he was run over and very badly injured; and this action was brought to recover his damages.

"While this case appeals very strongly to our sympathies we are unable to uphold this recovery. The plaintiff was an experienced brakeman and was acquainted with the locality where the accident happened. The branch track was not constructed for the purpose of running trains of cars thereon, but for the purpose of storing cars and making up trains. It was not ballasted like the main track, and at the place of the accident there were some ties between which there was no ballasting whatever. The condition of tho track, however, was perfectly visible, as it was broad day-light at the time of the accident. The plaintiff was upon the tender of the engine as it backed from the main track upon the branch. He had entire control of the movements of the engine, and could order it to be stopped at any time by a motion of his hand to the engineer, and thus it was backing upon the branch track under his direction. As it backed for several hundred feet the condition of the track was plainly visible to him standing upon the brake-beam at the rear of the tender. It backed at the rate of about two miles an hour, about half as fast as a man would ordinarily walk. It became necessary for the plaintiff to draw an iron bolt and take out the link which was in the draw-head of the tender, throw it over the hook which was in the draw-head of the car, and thereafter it was to be replaced in the draw-head of tho tender and there fastened by the bolt. At a short distance from the car, while the tender was thus being backed, he jumped off the tender into the middle of the track, and attempted to remove the link from

the draw-head while he was slowly walking back between the tender and the car, and as he was thus walking he claims that his foot caught between two ties, his toe partly under one and his heel against the other, and that it was thus fastened so that he could not withdraw it, and that the wheels of the tender passed over his legs. He claims that the defendant was negligent in not ballasting this branch track, so as to make it safe for him to walk thereon and to discharge his duty as brakeman while standing thereon. But we do not understand that railroad tracks are ballasted for the purpose of making them safe for brakemen to walk upon, but for the purpose of making them firm and safe for the passage of trains, and we do not think the defendant neglected any duty it owed the plaintiff in not ballasting the track at the place where the accident occurred. It is not claimed that there was any trap in the track, or that the track was in any respect defective or dangerous, except in that it was not ballasted. A brakeman is engaged in a business attended with many risks, and it is difficult to see how this recovery can be upheld without casting all the risks of the employment upon the railroad company.

"But still further, the plaintiff was clearly guilty of contributory negligence. There was no rule of the company and no emergency that made it necessary for him to walk between the tender and the car while the engine was in motion, for the purpose of removing the link. The engine was under his control. He could have remained on the tender or on the side of the track until the car and tender were brought near together, and then he could have stopped the engine and drawn the link and made the coupling without danger. He knew the condition of the track, as it was before him perfectly visible, and he took the chances of walking upon the track while he was engaged in withdrawing the link, the engine being in motion, and thus he did an unnecessarily careless thing which contributed to this most unfortunate accident. This case is singularly like that of *Penn. R. R. Co.* v. *Hankey*, (93 Ill. 580), and that case is a very precise authority for the conclusion we have reached. This case is unlike that of *Plank* v. *N. Y. C. & H. R. R. R. Co.* (60 N. Y. 607). There, in the night time, the plaintiff's intestate was directed by the

conductor of the train to couple some cars on the side track, and while engaged in so doing he stepped into a sluice-way or trench across the track, about two feet wide and deep, which was walled up with stone on each side. There was a trap left in the road-bed which rendered the track dangerous to any employe of the company who had occasion to be there in the night-time, and there it was very properly held that it was a question of fact for the jury whether the track was an ordinarily reasonable and safe place for the performance of a brakeman's duties. This is more like the case of *Appel* v. *B., N. Y. & C. R. Co.* (111 N. Y. 550), where plaintiff's intestate, a switch-man employed in defendant's yard, in helping to make up and distribute trains, while engaged in his employment caught his foot in a 'frog' which connected two converging tracks and was used to effect the transfer of cars from one track to the other, and before he could release himself he was run over and killed. In an action to recover damages for his death it was claimed that blocks of wood could be placed in the openings of frogs and thus prevent such accidents. It appeared that the intestate had been in the defendant's employ for some years, and for quite a length of time in and about the yard where the accident happened and was acquainted with the frog and knew that it was not 'blocked,' and it was held that the intestate in accepting and continuing in the employment assumed the hazard of all known and obvious dangers, and that he was chargeable with notice of the difficulty in removing the foot when caught in the frog, and of the danger apprehended therefrom; and, therefore, that a cause of action was not made out and a refusal to nonsuit was error. Here in this case it cannot be said that the track was obviously dangerous to a prudent brakeman. The accident was a very unusual one, not likely to occur, and easily guarded against by any brakeman carefully discharging his duties. Knowing the condition of this track he should not have walked upon it, except with the greatest circumspection. As the engine was entirely under his control, he should either have stopped it or had it move so slowly that no accident could come to him.

" We are, therefore, of opinion that the judgment should be reversed and a new trial ordered, costs to abide event."

*Louis Marshall* for appellant.

*Edmund O'Connor* for respondent.

EARL, J., reads for reversal and new trial.
All concur, except GRAY, J., not voting.
Judgment reversed.