WILLIAMS, *Appellant*, v. THE ST. LOUIS & SAN FRAN-
CISCO RAILWAY COMPANY.

Division One, December 23, 1893.

1. **Master and Servant**: APPLIANCES: PREMISES: REASONABLE CARE.
An employer must use reasonable care to provide safe and suitable
machinery and appliances for the use of his servants in the perform-
ance of their duties and this duty applies to the premises upon which the
servants are required to work.

2. ——: ——: ——: RAILROAD. The duty of a railroad company
to keep its track and grounds in a proper condition for its servants is a
relative one, dependent upon the purposes for which they are used
and the duties required of the servants thereon.

3. ——: ORDINARY RISKS: RAILROAD. A railroad employee assumes
all the ordinary risks incident to the service of moving and handling
the cars and locomotives of the company.

4. ——: ——: ——. An employee *held* to have assumed the risk
of injuries caused by stepping on a small spiral car spring, which was
concealed in the grass (that had been permitted, with his knowledge,
to grow in the company's repair yard), and which rolled under his
feet so as to cause him to fall between the cars which he was
coupling.

5. ——: ——: ——. The burden was on plaintiff to prove that
the company's inspector knew, or by ordinary care could have known,
that the spring was on the roadbed.

*Appeal from Greene Circuit Court.*—HON. C. B. MCAFEE
Special Judge.

AFFIRMED.

*Mellette & Frink* and *O'Day & Travers* for appel-
lant.

(1) The evidence presents a case of manifest
negligence on the part of the defendant. It was the
duty of the defendant to keep its track in such condition

of repair as to make it safe for its employees while engaged thereon in the performance of their duties, and if it failed so to do, it is liable. *Snow v. Railroad*, 8 Allen, 441; *Cayzer v. Taylor*, 10 Gray, 274; *Lewis v. Railroad*, 59 Mo. 495; *Huhn v. Railroad*, 92 Mo. 440; *Gibson v. Railroad*, 46 Mo. 163; *Conroy v. Iron Works*, 62 Mo. 35. (2) It was the duty of the section foreman to keep the track clear of obstructions. His negligence was the negligence of the company. *Harper v. Railroad*, 47 Mo. 567; *Brothers v. Cartter*, 52 Mo. 372; *Lewis v. Railroad*, 59 Mo. 495; *Porter v. Railroad*, 71 Mo. 66. (3) It was not the duty of plaintiff to find out whether there were obstructions on the track. This was the duty of the company. *Porter v. Railroad*, 60 Mo. 160; *Dale v. Railroad*, 63 Mo. 455; *Railroad v. Ingram*, 77 Ill. 309; *Railroad v. Markey*, 19 S. W. Rep. 392; *Hannah v. Railroad*, 154 Mass. 529. (4) And if defendant could have known by careful and thorough examination of the dangerous condition of the track and of the existence of the instrument on which plaintiff slipped and fell, it was guilty of negligence, and is liable to plaintiff for the injury he sustained. *Ingalls v. Mark Bills*, 9 Met. 1; *Simmons v. Steam Co,,* 97 Mass. 361; *Ladd v. Railroad*, 119 Mass. 412; *Paterson v. Wallace*, 1 Macq. 748. (5) The thing on which plaintiff slipped and fell was concealed in the grass and he was not bound to know of its existence. If his means of finding out it was there were equal to those of the company, this would not relieve the defendant from responsibility. *Porter v. Railroad*, 71 Mo. 66; *Harr v. Railroad*, 23 N. Y. S. R. 187. (6) Even though the plaintiff knew of the existence of the grass and the water on the track, his attempt to couple the cars when and where he did, did not constitute contributory negligence on his part. *Railroad v. Russell*, 91 Ill. 298; *Porter v. Railroad*, 71 Mo. 66; *Snow v. Rail-*

*road,* 8 Allen, 441; *Baker v. Railroad,* 95 Penn. St. 211; *Plank v. Railroad,* 60 N. Y. 607. (7) The court should have sent the case to the jury. It was for them to determine the question of contributory negligence. *Mauerman v. Seimerts,* 71 Mo. 101; *Stoddard v. Railroad,* 65 Mo. 514; *Huhn v. Railroad,* 92 Mo. 440; *Brown v. Railroad,* 99 Mo. 310; *Krim v. R'y & Transit Co.,* 90 Mo. 314; *Drain v. Railroad,* 86 Mo. 574. (8) If reasonable minds may differ as to the conclusions to be drawn from a given state of facts, it is for the jury to say whether or not there was contributory negligence. *Nagel v. Railroad,* 75 Mo. 653; *Norton v. Ittner,* 56 Mo. 351; *Barry v. Railroad,* 98 Mo. 62; *Petty v. Railroad,* 88 Mo. 306; *Boland v. City of Kansas,* 32 Mo. App. 8; *Ridings v. Railroad,* 33 Mo. App. 527; *Kinney v. City of Springfield,* 35 Mo. App. 97. Contributory negligence will only be declared as a matter of law when no other conclusion can be fairly and reasonably drawn from the facts in evidence. *Wilkens v. Railroad,* 101 Mo. 93. (9) If there is evidence, however slight, to sustain plaintiff's claim the case must go to the jury. *Charles v. Patch,* 87 Mo. 450; *Twohey v. Fruin,* 96 Mo. 104; *Commonwealth v. Railroad,* 10 Allen, 189; 1 and 2, Pattison's Digest, secs. 77, 78.

*L. F. Parker* and *E. D. Kenna* for respondent.

(1) There is no negligence, shown in this case. *Finnell v. Railroad,* 129 N. Y. 669; *Railroad v. Hankey,* 93 Ill. 580; *Railroad v. Mealer,* 50 Fed. Rep. 725; *Railroad v. Schertle,* 97 Pa. St. 450. (2) The question of negligence is always a relative one, depending on the surrounding circumstances, and the same care in keeping a railroad track clear of obstructions is not required in respect of a side-track used solely for the purpose of repairing cars, as is required in respect

of its main track, or those tracks used in making up trains and for general switching purposes.   *Jackson v. Railroad*, 104 Mo. 440; *Railroad v. Hankey*, 93 Ill. 580; *Finnell v. Railroad*, 129 N. Y. 669; *Malone v. Mer. Trans. Co.*, 3 Biss. 315; *Yeaton v. Railroad*, 135 Mass. 418; *Railroad v. Austin*, 40 Mich. 247; *Batterson v. Railroad*, 53 Mich. 125; *Lee v. Railroad*, 86 Ga. 231; *O'Donnell v. Railroad*, 89 Mich. 174; *Arnold v. Canal Co.*, 125 N. Y. 15.

MACFARLANE, J.—This is an action for damages on account of personal injuries received by plaintiff in coupling cars while in the employ of defendant as switchman.   The injury occured in the yard of defendant used in connection with its repair shops at Springfield.   This yard consisted of a number of tracks, some of them used for holding cars brought there for repair.

The negligence charged in the petition, was that defendant, wholly disregarding its duty to plaintiff, did "so carelessly and negligently keep its said tracks, in said yard, by not leveling and grading up the same, but by allowing the same to be uneven and the rail points loose, and not on the same level, and permitting water to remain in pools on said tracks, and along the side thereof, and suffering weeds, grass and pieces of iron, stone, and other debris to accumulate along and upon said track and the sides thereof as to make the same hazardous and dangerous for plaintiff to perform his duties as switchman.   The said plaintiff well knowing the dangerous condition thereof suffered them to so remain for a long time."   That plaintiff while working in said yard in the discharge of his duty and in the exercise of due care stepped "onto grass, weeds and pieces of iron and other hard substances covered by said grass and weeds, and not seen by plaintiff, which caused him to slip and fall in such a manner as greatly to

injure him by catching his right hand between the moving cars" by which it was crushed and amputation became necessary.

The answer was a general denial and a plea of contributory negligence.

At the close of the evidence of plaintiff, the court sustained a demurrer to the evidence and plaintiff thereupon took a nonsuit and, after an unsuccessful motion to set the same aside, appeals to this court.

Plaintiff states the circumstances of the injury as shown by the evidence as follows:

"The evidence shows that the plaintiff at the time of the accident had been in the employ of the defendant some seven or eight years, working in different capacities. At the time of the accident, he was switchman in the defendant's yards at Springfield, Missouri, having been acting in that capacity about ten months. The accident, which resulted in the amputation of plaintiff's right hand at the wrist joint, happened on the twenty-third of September, 1890, while plaintiff was in the act of coupling cars in the performance of his duties as switchman. The place of the accident was in the defendant's yards at Springfield, on one of its switches and at a point where the track was low, water was standing on the track between the rails and ties about three or four inches deep, grass was growing five or six inches long and lying down along the side of the track and on the inside of the track between the rails and between the ends of the ties, and extended practically all over the track, except in the middle, where it was worn down, more or less. This condition involved a length of twelve or fifteen feet along the track. There were other similar places along defendant's tracks close to this. The grass spoken of had been growing there for three or four years. Plaintiff had walked some little distance along the high place in

the center of the track to keep out of the water, till he came to where the coupling was to be done. The moving car was going at the rate of about four or five miles an hour. It was a damp, drizzly day, and the track, ties and grass were wet. Plaintiff stepped outside the track, and when he attempted to make the coupling, which he did in the usual and ordinary way, and keeping his eyes upon the car and not on the ground, he stepped with his right foot on the inside of the track about ten inches, leaving his left foot outside the rail some six or eight inches, and reached to get the link to make the coupling. As he stepped on the inside of the track, his right foot rested upon a piece of coil spring about five or six inches long and two and a half inches in diameter, concealed in the grass. The piece of spring rolled under his foot; he slipped, and he fell with his right leg doubled up under him and his left leg across the rail. In falling he threw up his hands, which struck the link on the standing car. The drawhead of the moving car passed over the link and caught his right hand between the lower half of the draw-head of the moving car and the upper half of the standing car, inflicting the injury complained of.

"The evidence also showed that this track, ten, upon which the car was being switched, was used only for storing cars which could be repaired without being taken into the shops. They were repaired standing on the track.

"Plaintiff had worked four or five years in the shops and in the repair yards as a car repairer. His duty as a switchman required him to take cars to and from the repair yards daily. The accident occurred about 3 o'clock in the afternoon of a rainy day in September."

There was no evidence which showed how long the spring had been on the track, further than when found

afterwards one end was matted with grass. The coil spring was such as are used beneath a car.

I.   We are not able to see, under this evidence, that defendant can be held accountable for the accident which resulted so disastrously to plaintiff.

There can be no doubt that the rules of law, as well as of right and justice, make it the duty of the employer to use reasonable care to provide safe and suitable tools, machinery and appliances for the use of those employed by him in the discharge of the duties they are required to perform, and this duty very properly includes the premises upon which they are required to work.   *Lewis v. Railroad*, 59 Mo. 495; *Porter v. Railroad*, 71 Mo. 66; *Huhn v. Railroad*, 92 Mo. 440; *Alcorn v. Railroad*, 108 Mo. 81.

II.   The duty of a railroad company, in respect to keeping its tracks and grounds in a safe and suitable condition, must be a relative one, dependent upon the purposes for which they are used, and the duties required of employees upon them.   In yards where trains are made up and much switching done, and in which switchmen are constantly exposed to dangers, a greater degree of care is required than at points on the road where such duties are rare.   The duty of the master should be measured and determined by the uses to which premises are applied.   *Huhn v. Railroad, supra; Finnell v. Railroad*, 129 N. Y. 669.

III.   It is also well understood that an employee in the service of a railroad company in moving and handling engines and cars, is at all times and places exposed to dangers, from which he can not be protected by the highest degree of care on the part of the company.   Hence it is also well settled law that such employee assumes all ordinary risks incident to the service. *Jackson v. Railroad*, 104 Mo. 448, and cases cited.

For these necessary risks the employee is supposed to

secure himself in the increased compensation demanded. Plaintiff in his employment, received twenty-five cents per hour, which is known to be largely in excess of the wages of ordinary laborers.

The risks assumed must also depend upon the character of the work, and other circumstances, including knowledge on his part of the condition of the instrumentalities he is required to use. As said by BLISS, J., "Much of the work of the country is done without the employment of the best machinery, or the most competent men, and it would be disastrous, if those prosecuting it were held to insure the safety of all who enter their service. If persons are induced to engage in ignorance of such neglect, and are injured in consequence, they should be entitled to compensation; but if advised of it, they assume the risk." *Devitt v. Railroad*, 50 Mo. 305, and cases cited. This declaration is, of course, subject to the qualification that the master has not misled the servant by promises to repair defects.

IV. Now, applying these principles to the case in hand, we think it is quite evident that the direct cause of the injury was not shown to have been the result of negligence on the part of the defendant; and also that the accident was occasioned by one of the risks of the service which plaintiff assumed.

The track, upon which plaintiff was injured, was not designed for switching cars or making up trains except as such duties might be required in placing cars upon it for repair. The track was used as a work place for making repairs on cars which were out of order. The ground and track were required to be suitable and appropriate for the safety of car repairers who worked thereon, and to keep them in such condition was the primary duty of defendant. As to those who might be required to use the track in placing the cars upon it, the duty of the defendant was only ordinary

care to keep them in reasonably safe condition for that purpose.

The proximate cause of the injury was the rolling of the coil spring upon which plaintiff accidentally placed his foot, and the slipping of the other foot caused by the wet ground. The spring was at most only two and one-half inches in diameter and five or six inches long. It was so small an object as would barely be observable by a track inspector, nor was there any evidence to show how long it had been lying between the rails. Those who had been working upon the track had never seen it. If it could be called an act of negligence on the part of defendant's track inspector, not to remove this spring, he was only required to exercise ordinary care to discover it. Such case does not require a constant watch on every part of the road, but only inspection at reasonable intervals. It was, therefore, incumbent on plaintiff to prove that defendant's inspector knew, or by ordinary care should have known, that the spring was upon the roadbed. This he failed to do.

It is true that the spring when found had grass matted in it, but it is also true that it had been rolled through the grass, from near the rail to the center of the track, with part of plaintiff's weight upon it. This circumstance sufficiently explains its condition.

But this accident was clearly the result of a risk assumed by plaintiff. He had worked in this repair yard for some years. He had been using the track daily in placing cars upon it. The grass had been permitted to grow upon the roadbed for years to his knowledge. He knew that in repairing cars small pieces of wood and iron were liable to fall upon the roadbed, and become concealed in the grass, which the closest inspection might fail to discover. With the knowledge of these facts, and without request to have the grass cleared from the track, and without a promise

of defendant to do so, we must say that he assumed all risk of injury from small parts of broken cars being left upon the roadbed.

While we can not but sympathize with plaintiff in his misfortune, our duty requires us to declare the law impartially. Judgment affirmed. All concur, except BARCLAY, J., who is absent.