CHARLES McCOOL v. CITY OF GRAND RAPIDS.

*Streets—Defects—Injury to horses.*

How. Stat. § 1443 gives a right of action against a municipality for any injury its neglect to keep its streets in repair may cause to horses traveling therein. A horse that was driven on a trot was permanently injured by stepping on a cobble-stone of which there were several scattered about the street, and there was evidence that they

could be seen by the driver. An action against the city for the injury was taken from the jury. Upon review the Supreme Court was equally divided and the result was not disturbed.

Error to the Superior Court of Grand Rapids. (Parrish, J.) June 14.—September 29.

CASE. Plaintiff brings error. Affirmed.

*Frank A. Rogers* and *Moses Taggart* for appellant. In case of a statutory liability for injury, if the negligence of defendant to observe the statute is the prime cause of the accident, the right to recover is not affected by the contributory negligence of the plaintiff: *Flint & Pere Marquette Ry. Co. v. Lull* 28 Mich. 510; *Grand Rapids & Indiana R. R. v. Cameron* 45 M. 451; *Grand Rapids v. Wyman* 46 Mich. 516; *Burnham v. Byron Township* 46 Mich. 555; *Dotton v. Albion* 50 Mich. 130.

*J. W. Ransom* for appellee. A municipal corporation is not an insurer against accidents upon the streets and sidewalks; nor is every defect therein, though it may cause the injury sued for, actionable; it is sufficient if the streets are in a reasonably safe condition for travel in the ordinary modes: 2 Dill. Mun. Corp. § 1019; *Blake v. St. Louis* 40 Mo. 571; *Richmond v. Courtney* 32 Grat. 792; *Centerville v. Woods* 57 Ind. 192; *Seward v. Milford* 21 Wis. 485; *Raymond v. Lowell* 6 Cush. 524–534; a court can hold as matter of law that a highway is sufficient: *McMaugh v. Milwaukee* 32 Wis. 200; and when it appears that no care was taken to avoid danger, there can be no recovery, and the court can direct a verdict: *Quincy v. Barker* 81 Ill. 300; *Schaefler v. Sandusky* 33 Ohio St. 246; a person who voluntarily attempts to pass over a dangerous place in a street or sidewalk, which he knows to be dangerous, cannot be regarded as exercising ordinary prudence, and therefore can not maintain an action against the city to recover for injuries sustained, even if the city would otherwise be liable: *Durkin v. Troy* 61 Barb. 437; *Belton v. Baxter* 54 N. Y. 245; *Horton v. Ipswich* 12 Cush. 488; other defects in the street than that which caused the injury cannot be shown unless it is also shown that the injury from the defect in question necessarily followed in consequence of the other defects: *Ring v. Cohoes* 77 N. Y. 83.

Champlin, J. How. Stat. § 1443, provides that if any horse shall receive any injury or damage by reason of neglect of any city to keep in repair any public street, the city whose duty it is to keep such public street in repair shall be liable to, and shall pay the owner thereof, just damages which may be recovered in an action on the case : provided, that in all actions brought under the act imposing the liability, it must be shown that such city has had reasonable time and opportunity, after such street became unsafe or unfit for travel, to put the same in proper condition for use, and has not used reasonable diligence therein.

This action is brought to recover, under this section of the statute, damages for an injury to plaintiff's horse, occasioned by stepping upon a stone and breaking the horse's leg. The declaration, after averring the duty of the city of keeping its streets in repair, alleges that

"the defendant, on, to wit, the 9th day of October aforesaid, and for, to wit, thirty days immediately preceding said 9th day of October at, to wit, the city of Grand Rapids aforesaid, disregarding its duty in the premises, failed to keep said Cherry street between the point where a certain other street known as South Division street intersects said Cherry street, and the point where a certain other street known as Sheldon street intersects said Cherry street at, to wit, the city of Grand Rapids aforesaid, in good repair, and in a condition reasonably safe and fit for travel ; but said defendant did on, to wit, the 9th day of October, 1883, and for, to wit, thirty days immediately preceding, negligently allow on said Cherry street, between the points above mentioned, a large amount of small stones, commonly called cobble-stone, to accumulate, gather and remain, and that the traveled part of said street, between the two points above mentioned, was, on said 9th day of October, and for a long time immediately preceding, to wit, thirty days, covered and full of said small stones, which rendered it reasonably unsafe and unfit to travel along and upon, and whereas said plaintiff was, on the 9th day of October, 1883, the owner and lawfully possessed in his own right of a certain horse of great value, to wit, $250, and by reason of the negligence aforesaid, and the failure of said defendant to keep said Cherry street in a reasonably safe and fit condition for travel, while said plaintiff, by his servant and employes, was, on said 9th day of

October, 1883, without fault or negligence on the part of said plaintiff, or his said servant, driving said horse on and along said Cherry street, between the point where said South Division street intersects said Cherry street and a point where said Sheldon street intersects said Cherry street, and by reason of the unsafe, unfit and dangerous condition of said street, and by reason of the stones being in said street as aforesaid, and without fault or negligence on the part of said plaintiff, or his said servant and employes, said horse stepped on one of said stones in said street and was then and there injured and damaged, and one of its legs was then and there fractured and broken, and said horse was then and there made wholly worthless, and subsequently, in consequence of the injuries then and there sustained on said 9th day of October, had to be killed, and said horse was of great value, to wit, of the value of $250, and said plaintiff was obliged to and did lay out and expend divers large sums of money in endeavoring to cure and save said horse of the injuries sustained as above set forth, to wit, the sum of one hundred dollars, to wit, at the city of Grand Rapids aforesaid, to the damage of said plaintiff, one thousand dollars, and therefore he brings suit," etc.

The plea was the general issue. After the evidence, which is all returned in the record, was introduced, the judge of the Superior Court instructed the jury to return a verdict for the defendant. The only exception taken is general, and is in these words: "We take an exception to the ruling of the court."

The instruction of the court was proper for two reasons:

1st. Because of the contributory negligence on the part of plaintiff's servant. The plaintiff was a butcher, and at the time of the injury the horse and wagon of plaintiff was being driven by his hired servant in delivering meat to plaintiff's customers. The negligence of which the defendant was guilty consisted, as alleged in the declaration, of allowing a large amount of small stones, commonly called "cobble-stone," to accumulate, gather and remain for, to wit, thirty days preceding the accident in the street, which at that point was covered and full of said small stones, which rendered it reasonably unsafe and unfit to travel along and upon, and that defendant's servant, without fault or negli-

gence, was driving plaintiff's horse along Cherry street, and by reason of said stones being in the street, the horse stepped upon one of the stones, and was then and there injured and his leg broken.

The evidence of plaintiff showed that there were scattering stones in the street "from the size of a goose's egg to six inches in diameter," and that they were plainly to be seen by a person driving along the street before they were reached from the direction the plaintiff's servant came. Several of the plaintiff's witnesses testified that it was unsafe to drive a horse through that portion of the street on account of the number of stones in it. One of plaintiff's witnesses testified that "it wouldn't be very safe for a man to run a horse through, but it would be safe if a man should drive careful." The plaintiff's servant testified that he reached the stones about twenty or twenty-five feet after he left Sheldon street, and the accident occurred about fifty-five feet from Sheldon street, and that he was driving on a slow trot. If the street was in the condition described by plaintiff's witnesses, it was certainly a careless and negligent act for the plaintiff's servant to attempt to drive over such defects upon a trot, and it is quite clear that the accident would not have happened if the man had driven carefully. The accident happened in the day-time, and the defects were plain to be seen, and the driver does not claim that he did not see them in time to reduce the speed of his horse to a walk. Where defects are obvious in a street, such as are alleged to exist here, and a person willfully or negligently keeps on at a rapid speed and neglects to exercise that care which the circumstances require of him, and an injury is produced in consequence of such negligence, he acts at his own risk and must suffer the consequences. *Abernethy v. Van Buren Township* 52 Mich. 383. Such was the case here, as disclosed by the evidence on the part of the plaintiff, and it would be unjust to hold the defendant liable for an injury caused by the reckless driving of the plaintiff's servant.

2d. The burden of proof was on the plaintiff to show that the city had had reasonable time and opportunity, after the

street became unsafe and unfit for travel, to put it in a proper condition for use, and that it had not used reasonable diligence to do so. .

There was no attempt to show that any officer of the city had any knowledge or notice of the condition of the street. Nor does the evidence disclose at what time previous to the accident the street became unsafe or unfit for travel. What the evidence did show was that there were several loose cobble-stone in the traveled part of the street. Some of the witnesses testify, in a general way, that they were all over the street; but those who particularized said there were six to eight where the horse was hurt scattered around, and from twenty to two dozen in the street between Sheldon and Division streets. Mr. Bissell's coachman, who was a witness for plaintiff, stated that he had driven a carriage over this portion of the street almost every day for a long time previous to the accident, and afterwards. Other witnesses stated the street was used for heavy wagons.

I am inclined to think, with the judge of the Superior Court, that the proof failed to show that the condition in which the street was, brought it within the statute rendering the city liable as for a defective highway. The proof showed that the horse was injured by stepping upon a single stone. The existence of other stones in the street had nothing to do with the injury. If the city is liable, it is so because it neglected to remove the single stone which was stepped upon; and if liable in this case, every city and township is liable for a defective highway in which a single stone chances to be in the traveled part of the way, in case injury is occasioned by a horse accidentally stepping thereon. I am not prepared to extend the statutory liability to such cases, and I think the judge of the Superior Court was correct in so holding.

The judgment should be affirmed.

COOLEY, C. J. I agree on the last point above stated.

CAMPBELL, J. Plaintiff sued the city of Grand Rapids for the value of a horse whose leg was broken by stepping on a loose cobble-stone in one of the streets. The court below

held no cause of action was made out, and directed a verdict for defendant.

There was contradictory testimony, but plaintiff is entitled to claim that if there was evidence enough to make out a case, it was for the jury and not for the court to pass upon its truth. The question is, therefore, whether there was testimony showing such a condition of the street in question as would put the city in fault for allowing it to continue.

The testimony for plaintiff tended to show that Cherry street where the accident happened, was at that place on a descending grade which began to descend or increased in descent a short distance above the place in question, and that scattered over this vicinity were a considerable number of loose cobble-stones of various sizes; that the street at this point was according to some testimony lower than the gutters at the sides, and according to most of it lower than the crosswalk above, and the stones extended across the traveled part of the highway, and were in the way of horses passing over it.

There was also testimony tending to show that from the turn of the hill just above, the stones were not readily noticeable to persons driving over the brow of the slope and down the street to this point, and there was also evidence, although conflicting, that there had been habitual neglect to keep loose stones raked off from this part of the way for a considerable time, and that this condition was notorious.

Some witnesses familiar with the street testified that it was in bad condition and dangerous for horses. This testimony the court struck out on the final charge, on the ground that the jury alone could form opinions, and that witnesses could only describe facts which they were to pass upon. The court also held that every one who passed over the road was bound to see the obstructions and avoid them, and that a failure to do so was negligence which would defeat a right of action.

There was testimony which, if believed, indicated that the road was made dangerous to horses by these loose stones, and enough for the jury to act upon. And it was not improper to allow those persons who were familiar with the road to

say whether or not it was in bad condition.    All intelligent persons in the habit of using teams, or seeing them used, are capable of forming some judgment about the condition of highways, and it is not possible by mere verbal description to enable a jury to see the exact condition.    In all such cases the opinions and the facts on which they are based, so far as the witness can give them, form a safe basis for a jury to act upon.    Where, as in this case, the city officials and the other witnesses differ in their descriptions, the jury can use its own good judgment in deciding between them.

It cannot be held as matter of law that every one who runs over a stone in a highway in the day-time is negligent. Everyday experience shows that such things do not necessarily strike the eye of persons driving along the road, and in this case there was testimony to the effect that persons going over the hill and down the road would not be certain or likely to notice them so as to drive safely among them. The jury may or may not have thought there was negligence here, and they should have been allowed to pass upon it. There are many cases in the books where recovery has been had for such obstructions.    We are not at liberty to form or express opinions upon the facts.    But there was enough to go to the jury on all the elements of the action.

The judgment should be reversed, and a new trial granted.

SHERWOOD, J. concurred.

COOLEY, C. J.    I do not concur.