# MILLER, Appellant, v. TOWN OF CANTON, Respondent.

### St. Louis Court of Appeals, May 2, 1905.

1. **MUNICIPAL CORPORATIONS: Defective Sidewalks: Duty of Inspection.** It is the duty of officers having jurisdiction of the streets of a town to inspect the sidewalks for the purpose of discovering defects.

2. ————: ————: ————: **Presumption.** In an action for injuries caused to plaintiff by a fall upon a defective sidewalk, where there was evidence tending to show the officers of the municipal corporation neglected to do their duty in inspecting and repairing sidewalks, it was error to declare, in an instruction to the jury, that there was a presumption the officers do their duty in that respect.

3. ————: ————: ————. A municipal corporation is liable for injuries caused by the defects in its sidewalks, provided its officers knew of such defects, or could have discovered them by the exercise of reasonable diligence.

4. ————: ————: **Notice.** As to what length of time sidewalks may be out of repair in order to justify the inference of notice to the city depends upon the facts and surroundings; greater diligence on the part of the municipal corporation is required in looking after the condition of the sidewalk where a street is much travelled than where it is little used.

5. ————: ————: ————. Notice to any one of the officers of the city, who are charged with the supervision and repair of sidewalks, is notice to the city.

6. ————: ————: ————: **Constructive Notice.** Actual notice of the defective condition of a sidewalk is not necessary in order that one may recover for injuries caused thereby; the existence of the defective condition a length of time such that it might have been discovered by ordinary diligence on the part of the officers, is sufficient to charge a municipal corporation with notice.

7. ————: ————: ————: **General Condition.** It is not necessary in such case that notice of the unsafe condition of a sidewalk should be confined to the very plank which caused the injury; it is sufficient if notice is shown of defects a short distance from the place of the injury.

8. ———: ———: **Opinions of Witnesses.** In an action against a municipal corporation for injuries caused to plaintiff by reason of the defective sidewalk, it was error to permit witnesses to testify that in their opinion the sidewalk was safe.

Appeal from Lewis Circuit Court.—*Hon. E. R. McKee,* Judge.

REVERSED AND REMANDED.

*Clay & Johnston, A. Frank Haney* and *Earl M. Pirkey* for plaintiff.

(1) The court erred in refusing instruction numbered 4 asked by plaintiff. It does not follow that, because the defect in the sidewalk is not of a character to attract the attention of passers-by, the city would not by the exercise of due care have discovered it. The city is liable if it could have discovered the defect by the exercise of reasonable care. Instruction embodying this proposition approved. Mitchell v. Plattsburg 33 Mo. App. 555; Squires v. Chillicothe, 89 Mo. 226; Jegglin v. Roeder, 70 Mo. App. 427. (2) The court erred in refusing instruction numbered 5 asked by plaintiff. Said instruction embodied the correct rule of law applying to the facts in evidence. As to what length of time would furnish notice to the municipal authorities of a defect in a sidewalk, there is no fixed or definite rule, and each case must depend upon the facts and circumstances attending it. Thus, if the defect existed on a street much traveled and in use, it seems that the duty of the city to the public in looking after its condition required greater diligence in seeing that it was reasonably safe for travel, than if it had been but little used. Goodman v. Kahoka, 100 Mo. App. 278, 73 S. W. 355; Young v. Webb City, 150 Mo. 333, 51 S. W. 709; M'Kissick v. St. Louis, 154 Mo. 588, 55 S. W. 859; Beauvais v. St. Louis, 169 Mo. 500, 69 S. W. 1043; Carrington v. St. Louis, 89 Mo. 208. (3) The court erred in refusing instruction numbered 7 asked by plaintiff. A municipality is affected with

notice of the unsafe condition of its sidewalks by proof of knowledge of that fact on the part of those agents who are charged with the control of its streets and sidewalks, or by evidence that the unsafe condition has existed sufficiently long to raise an inference of notice thereof on the part of the city. Cropper v. Mexico, 62 Mo. App. 385. Authority of town officers, Charter of Canton, Laws of Mo., 1873, pp. 208-220. (4)· The court erred in refusing instruction numbered 9 asked by plaintiff. For the purpose of proving notice on the part of the city, the inquiry should not be limited to the very board which caused the injury, but may extend to the condition of the walk at other points therein near the place of injury. Huff v. Marshall, 97 Mo. App. 541, 71 S. W. 477; Marler v. Springfield, 65 Mo. App. 301. (5) The expression "negligence of the defendant city is not to be presumed by failure of city to search for defects," contained in defendant's instruction numbered 1, is prejudicial error. State to use v. Estel, 6 Mo. App. 6. (6) The court erred in instructing the jury, in instruction numbered 6 given for defendant, that "the presumption is that defendant discharged its duty in regard to" keeping its sidewalk in a reasonably safe condition. The presumption that every one exercises ordinary care obtains in the absence of evidence to the contrary. But where there is evidence from which plaintiff's or defendant's negligence might have been fairly found, the court commits prejudicial error in telling the jury that the presumption is that such party exercised ordinary care or that he performed his duty in the matter in question, while submitting the question of his care or negligence as an issue. Moberly v. Railway, 98 Mo. 183 11, S. W. 569; Haynes v. Trenton, 123 Mo. 326, 27 S. W. 622; Haycraft v. Grigsby, 88 Mo. App. 354; Sackberger v. Grand Lodge, 73 Mo. App. 38; Nixon v. Railroad. 141 Mo. 425, 42 S. W. 942; Bailey v. Railway, 152 Mo. 449, 52 S. W. 406; Swanson v. Sedalia, 89 Mo. App. 121. (7) The court erred in permitting Wagner, Bevans and Friedsam, wit-

nesses for defendant, to state to the jury their
opinion that the sidewalk in question was in a reason-
ably safe condition for people to travel on.   Such is re-
versible error.   Eubank v. Edina, 88 Mo. 650; Koons v.
Railroad, 65 Mo. 592; Brown v. Road Co., 89 Mo. 152;.
Gutridge v. Railway, 94 Mo. 468, 7 S. W. 476; Edwards
v. Paving Co., 92 Mo. App. 221; Nash v. Dowling, 92 Mo.
App.  156; Goble v. Kansas City, 148 Mo.  470, 50  S.
W. 84; Kendall, etc., Co., v. Bain, 46 Mo. App. 581. Muff
v. Railway  Company, 22 Mo. App.  584; Rosenheim  v.
Ins. Co., 33 Mo. 230.

   *Arthur Hilbert* and *Hilbert & Hilbert* for respond-
ent.

   (1)  No error was committed by the  trial court
in refusing to grant a new trial to the plaintiff.   The
verdict of the jury is supported by the evidence and by
all of the substantial evidence in the cause.   And where
there is evidence to support the verdict the appellate
court will not disturb the finding of the jury on the
weight of evidence.   Temple v. Railroad, 83  Mo. App.
64; Colyer v. Railway Company, 93 Mo. App. 147.    (2)
No error was committed by the court in the giving and
refusing of instructions.   The instructions given fully
and fairly covered the case and it is not material if the
court refused other instructions even though they were
correct declarations of law.   Dixon v. Atkinson, 86 Mo.
App. 24; State v. Nelson, 166 Mo. 191, 65 S. W. 749;
Kinealy v. Burd, 9 Mo. App. 359. (3) There was no pre-
judicial error in permitting defendant's witnesses, Wag-
ner, Bevans and Friedsam, to testify to the condition of
the sidewalk prior to the alleged injury.   "Where the
question was to the right of the city to further repair
sidewalk which had already been repaired, *Held,* that a
man of ordinary intelligence is capable of knowing and
judging the condition of a sidewalk, and as it was diffi-
cult to convey to the minds of the triers of facts a clear
idea of the subject the witness is properly allowed to

state his opinion. Construction Co. v. O'Brien, 81 Mo App. 639; Taylor v. City of Jackson, 83 Mo. App. 641; Walker v. Davis, 83 Mo. App. 374; Muth v. Railroad, 87 Mo. App. 422; Everman v. Sheehan, 52 Mo. 221; Haymaker v. Adams, 61 Mo. App. 581.

BLAND, P. J.—The town of Canton, in Lewis county, was incorporated by special act of the Legislature in 1873; its duty under its charter, in respect to the public streets and sidewalks of a town, is the same as that of other incorporated towns of its class in this State, that is, it is required to keep its streets and sidewalks in a reasonably safe condition after they have been opened to the public for travel. One of the principal streets in the town is Lewis street, which has been long open to the public for travel and is much used. It runs north and south. On the north side of Lewis street, in 1902, was a board sidewalk, constructed by laying two stringers parallel with the street as a foundation for the walk; upon these stringers grub boards were laid and nailed, projecting from two to four inches beyond the stringers. On the north side of the street is the Smoot property, and the evidence is all one way that as early as in January, 1902, the sidewalk in front of this property was out of repair and in bad condition, and that planks here and there were loose and at places entirely out and some of the stringers, especially on the south side, rotten. On May 31, 1902, about nine o'clock p. m. plaintiff, in company with her husband, was walking on this sidewalk in front of the Smoot property, unapprehensive of danger and with due care, when she was hurt by falling on the sidewalk. She described the accident as follows:

"As we were going along the sidewalk by Mrs. Smoot's, Mr. Miller, who was upon my left side, stepped upon one of the boards of the walk, and the board thereupon flew up, and as I took the next step my left foot went partly into the hole left by the board, and the board then falling down hit me across the foot and very

violently threw me down. I pitched forward toward the west, the way I was going. I had only my left foot in the hole, and the whole weight of my body went down on that side. My foot was fastened in the hole, and I got it wrenched in falling. Mr. Miller had to pull the board out before he could help me up; I was fastened, so when the board was taken out he helped me out."

Continuing, plaintiff testified as follows, in respect to her injury:

"It didn't only hurt my foot, it hurt my knee and my shin and gave me a general wrench of the left side; it bruised me up quite a good deal." The witness then related in detail the history of the treatment of her foot by various physicians, and the condition of her foot from the time it was injured up to the time of the trial, the pain she suffered, etc. She testified that the side of her foot is drawn up and doesn't come flat to the floor naturally as the other foot does, and that she cannot get it down, and that there is a soreness in her foot. Also that the lameness of her foot interferes with her walking and going around, and interferes with her visiting and social duties; that sometimes she is very lame with the foot, and at other times can walk reasonably well for a short distance; that the circulation in that foot is very poor, causing her a good deal of annoyance; also that before the accident her feet were perfectly sound, and she had been a woman of good health all her life.

Plaintiff's attending physician corroborated her testimony as to the nature and probable permanency of her injury.

Plaintiff's evidence also shows that two of the street committee appointed from the city board of trustees, had passed over this defective piece of sidewalk, on several occasions prior to her injury and while it was out of repair, and that the city's street commissioner had done likewise. These gentlemen, as witnesses

for defendant, admitted that they had passed over the defective walk but said they did not notice that it was out of repair, and they and a number of other witnesses called by defendant, were permitted by the court, over the objection of the plaintiff, to testify that they considered the sidewalk in a reasonably safe condition, but neither the street commissioner or either of the street committeemen would testify that he inspected the sidewalk until after the plaintiff was injured. After her injury they found it in bad condition and recommended its reconstruction and it was reconstructed and made safe for pedestrians to travel upon.

The court gave the following erroneous instructions for the defendant:

"1. The court instructs the jury that the negligence of the defendant city is not to be presumed by failure of city to search for defects, it is only necessary for the city to keep its sidewalks in a reasonably safe condition for travel in the ordinary modes."

"6. The court instructs the jury that under the law it is the duty of defendant to keep its sidewalks in a reasonably safe condition for persons using the same in passing over and upon. And the presumption is that defendant discharged its duty in regard to the same, and before the jury can find for the plaintiff they must believe by the greater weight of the evidence that defendant on the thirty-first day of May, 1902, failed to keep its sidewalk in a reasonably safe condition for persons to pass over and upon, but that defendant had knowledge of the defective condition of the sidewalk at the place where plaintiff alleges she was injured or that the defect was so obvious and had continued for such a length of time that the defendant could have known of it had it used proper and ordinary care in observing the condition of the sidewalk."

Instruction numbered 1 is misleading in that it gave the jury to understand that it was not the duty of the town officials to pay attention to the streets, in fact,

that a defective sidewalk or street would have to be thrust under their noses before they would be required to take any notice of it. It is the duty of town officials, having jurisdiction over the streets of the town, to observe their condition and to make an inspection where there is, as was the case of the sidewalk in question, any visible evidence of a defect dangerous to the traveling public. Instruction numbered 6 is erroneous for the reason the presumption that city officers do their duty does not obtain where there is any evidence that they have neglected their duty. The presumption can only be applied where there is no evidence on the subject.

The court refused the following correct and proper instructions asked by the plaintiff:

"2. The court instructs the jury that it is the duty of the defendant, the town of Canton, to keep the sidewalks on its streets in a reasonably safe condition for the use of persons traveling or walking thereon by day or night and to exercise reasonable care and supervision over the same for this purpose; the defendant will be held strictly to the performance of this duty which it will not be permitted to evade by shifting it on to some other party, and if the defendant fails to keep its sidewalks in such condition after it has known or by the exercise of ordinary care and diligence might have known of the unsafe condition thereof in time to repair the same then it is liable for any injuries sustained in consequence of such failure by any person exercising ordinary care and caution."

"4. The court instructs the jury that if they shall believe from the evidence that said sidewalk was in an unsafe and defective condition prior to and at the time of plaintiff's accident thereon defendant cannot relieve itself from liability by showing that some person walking over the same did not notice such condition. It was the duty of the defendant to discover and repair all defects in said sidewalk which it could have discovered

by the exercise of reasonable diligence, and it makes no difference whether such defect be of a character to attract the attention of passers-by or not.

"5. The court instructs the jury that as to what length of time would be required to justify the inference of notice to the defendant of the defective condition of the sidewalk there is no fixed or definite rule, and each case must depend upon the facts and circumstances attending it, Thus if the jury believe from the evidence that Lewis street at the point in question was a street much traveled and in use by pedestrians, it was the duty of defendant to exercise greater diligence and care in looking after the condition of the sidewalk thereon and keeping it reasonably safe for travel than if said street was but little used.

"6.   The court instructs the jury that it is the duty of the sidewalk committee of defendant's board of trustees to exercise reasonable care and diligence in looking after and inspecting the sidewalks of the town of Canton in order that the defects therein be discovered and repaired and the same be kept in a reasonably safe condition for public travel; and the negligence of said sidewalk committee in the performance of said duty if shown by the evidence to exist, shall be deemed negligence on the part of defendant and if any injury results therefrom to any person using such sidewalk while in the exercise of ordinary care, defendant will be liable therefor.

"7. The court instructs the jury that defendant's mayor, its street commissioner, its board of trustees, and the sidewalk committee of said board of trustees are its officers who are charged with the supervision and repair of its sidewalks; and that therefore if either the defendant's mayor, its street commissioner, or any member of its board of trustees, any member of said sidewalk committee or any one or more of them knew or by the exercise of ordinary care and diligence might have known of the condition of said sidewalk in time

to have repaired the same prior to plaintiff's alleged injury, then such notice or knowledge on the part of any one or more of such officers is notice to defendant.

"8. It is not necessary to show actual notice to any of defendant's officers of the defective condition of the sidewalk in order to render the defendant liable for injuries resulting therefrom; it is sufficient to show that such defective condition had existed for such a length of time prior to the alleged accident that defendant's officers might have known of it by the exercise of ordinary care and diligence.

"9. The court instructs the jury that for the purpose of showing that the unsafe condition of the sidewalk had existed for a sufficient length of time to charge defendant with notice of such unsafe condition thereof the evidence is not confined to the very board which caused the injury but the jury may take into consideration the condition of said sidewalk at other places therein within a short distance of the place of the injury."

The court erred in permitting witnesses for the defendant to testify that, in their opinion, the sidewalk in question was in a reasonably safe condition before plaintiff was injured. Whether or not it was in a reasonably safe condition was one of the issues of fact for the jury to pass on and it was palpable error to permit witnesses to pass on this issue and thus substitute their opinion for the verdict of the jury. Through these many errors plaintiff's apparently meritorious case was defeated. That she may have a fair trial in which it is to be hoped no prejudicial error will intervene, the judgment is reversed and the cause remanded. All concur.