Henry McKone, Respondent, *v.* The Village of Warsaw, Appellant.

Negligence — Highways — When Village Not Liable for Injury to a Horse Caused by His Stepping upon a Loose Stone in Highway.  While an incorporated village is bound to exercise such reasonable care and diligence in repairing the highways within its corporate limits, and in removing loose stones therefrom, as may be required by the location and the extent of the use of such highways, a village, having many miles of streets and highways within its limits, is not liable for an injury to a horse, as the result of stepping upon a loose stone, in a rarely used road running through an unsettled part of the village and over a steep hill, subjected not only to the washing of surface waters, but to the dragging upon it of the "rough-locked" wheels of descending vehicles, whereby the surface of the road was torn up and deep ruts formed, where there is no evidence that the village was maintaining a nuisance or had created by its positive act, or had permitted to continue, a place of danger in the highway from which the injury might have resulted.  The village was not bound to use such care and skill as to render accidents impossible upon its ways or streets; the active vigilance, which is due from it with respect to their maintenance in a fairly safe condition, is a relative term, and to hold the village responsible for the occurrence of the accident in question would be to make of it an insurer against accidents as to all persons using the way.

*McKone* v. *Village of Warsaw,* 89 App. Div. 616, reversed.

(Argued January 30, 1907; decided February 19, 1907.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 9, 1903, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*E. E. Charles* for appellant.  A nonsuit should have been granted because the proof failed to show any actionable negligence on the part of the village, resulting in the injury complained of.  (*Osterhout* v. *Bethlehem,* 55 App. Div. 198; *Masterton* v. *Vil. of Mt. Vernon,* 58 N. Y. 394; *Hubbell*

v. *City of Yonkers*, 104 N. Y. 439; *Sutphen* v. *Town of North Hempstead*, 80 Hun, 409; *Lane* v. *Town of Hancock*, 142 N. Y. 521; *Hamilton* v. *City of Buffalo*, 173 N. Y. 72; *Woolsey* v. *Trustees of Ellenville*, 69 Hun, 488; *Day* v. *Town of New Lots*, 107 N. Y. 148; *Wright* v. *Delafield*, 25 N. Y. 266; *Glasier* v. *Town of Hebron*, 131 N. Y. 447.)

*M. L. Coleman* for respondent. The ruling of the trial justice in submitting to the jury the question of the defendant's negligence was justified by the evidence, and his refusal to grant a nonsuit was proper. (*Weed* v. *Vil. of Ballston Spa*, 76 N. Y. 329; *Roe* v. *Mayor, etc.*, 4 N. Y. Supp. 447; *Conroy* v. *S. R. R. Co.*, 52 How. Pr. 49; *Eggleston* v. *C. T. Road*, 25 Hun, 148.)

Gray, J. The plaintiff has sued the village of Warsaw for the damage occasioned to him by an injury to his horse, as the result of stepping upon a loose stone in the street. The allegations in the complaint are, in brief, that the defendant had " wrongfully, carelessly and negligently omitted to remove rolling stones from the beaten track of Buffalo Road in the village " and that while, on June 28th, 1899, he was driving his team of horses upon the road, one of them " stepped upon the rolling stones, thereby causing his said horse to injure one of its legs and fall, * * * from which said horse received serious and permanent injuries." He recovered a verdict for the value of the horse and the judgment upon the verdict, by a divided vote, was affirmed by the justices of the Appellate Division.

That part of the Buffalo road, where the accident happened, is just within the corporate limits of the village. The road starts at Main street, in the settled part of the village, and runs west to Wyoming street, which bi-sects it in a northerly and southerly direction. So much of the road is frequently used and the roadbed is well cared for. The other part of the Buffalo road, where the accident occurred, leaves Wyoming street at a point some fifteen to twenty rods south of the above

intersection and, ascending a steep hill, runs in a westerly direction through a territory, so sparsely settled that, for three, or four, miles, there are only three, or four, residences. The soil is loose and is filled with gravel and stones. Rains would wash the roadbed; deep ruts would form and the surface was broken up by, what is termed, the "rough-locking" of wheels of vehicles when descending the hill. Where the plaintiff's horse was injured, on either side of the roadbed, were small ditches, or gulleys; that on the north side being intended to carry off the wash of surface water and that on the south side being a mere washout of about six inches in depth and a foot in width. The plaintiff describes the road as being covered with stones all the way up to the point where the accident happened. He was driving a pair of horses, in the daytime, and, as he endeavored to pass the ditch on the north side of the road, the left-hand horse stepped with one of his fore feet upon a large round stone and fell; his feet sliding into the little gulley on the south side of the road The horse sprang up, immediately, but was found to be permanently lamed.

It is to be assumed from the plaintiff's case that the roadbed in question was in a bad condition. If all that was necessary, in order to charge the village with a liability, was to prove the presence of loose, or rolling, stones in the roadway and the injuries to the plaintiff's horse from stumbling and falling, the plaintiff made a case for the jury and the question is presented whether there is so extensive a liability resting upon these municipalities. I do not think so. If they can be made responsible in damages for the injurious consequences of a horse stumbling upon the loose stones in a country road, I think it would be crossing the border line between what is reasonable and what is unjust, if not absurd, in such cases. This was a dirt road leading over a steep hill and so rarely used that, as plaintiff says, one would not "see a team, excepting one of these people that I have mentioned living right on that road, on an average, more than once a week." It is true that the village was bound by the law of its organization to

remove loose stones from the highways and that it had failed to perform that obligation upon this particular road that season, up to the date of the occurrence. It had within its corporate limits some twenty-six miles of streets to care for and in failing to keep the roadbed of this rarely used highway free from loose, or rolling, stones, there was ample excuse in that fact, as in the character of the soil, in the circumstances of the steepness of the road ascent and of its being subjected, not only to the washing of surface waters, but to the dragging upon it of the " rough-locked " wheels of descending vehicles.

Where was the actionable, or culpable, negligence upon which the plaintiff could charge the municipality with liability for his horse's mis-step? The village corporation was not bound to use such care and skill as to render accidents impossible upon its ways, or streets. The active vigilance, which is due from it with respect to their maintenance in a fairly safe condition, is a relative term. It was, sensibly, observed in the case of *Glasier v. Town of Hebron*, (131 N. Y. p. 452), that " a thronged thoroughfare in a populous city would require much more attention in regard to its condition as to safety on the part of the officers of the corporation, than would any ordinary highway running through a sparsely settled district of a town." In the present instance, the defendant appears to have kept so much of Buffalo road as lay within the settled portion of the village in good order and if neglecting to live up to the letter of its legal duty, by removing the loose stones from the surface of this rarely used extension of the road, what liability could it come under? For the breach of duty there might be the public prosecution of the municipal officers. But upon what ground shall corporate liability be predicated, when the complaint is, as in this case, that a person's horse was injured by stepping upon loose stones? If the corporation were maintaining a nuisance; or, if it had created by its positive act, or had permitted to continue, a place of danger in the highway, as the result of either of which conditions a resulting injury was complained of, a liability might exist. The idea of the measure of responsibility

of a municipal corporation for accidents happening upon its streets and highways is not to be divorced from reason. Such a country road must not be expected to be ever free from loose stones and because the possibility exists that horses may fall upon it, is the village to be held to so extensive a liability? And shall jurors be permitted to guess that an accident was due to the fault of the way and not to that of driver, or horse?

The duty enjoined by statute to remove loose stones from the highway and, generally, to keep highways in repair, as an obligation, is one which, in the imposition of duties and in the delegation of powers by the legislature with respect to the public highways, is to be deemed for the benefit of the public generally, rather than as "affecting a local, or corporate, interest." The rule of municipal liability, when invoked upon the proof of a neglect of duty with respect to a highway, is not an absolute one. On the contrary, as it was pointed out in the case of *Lane* v. *Town of Hancock*, (142 N. Y. 521), upon authority, "the limit of duty on the part of a town with regard to the condition of its highways falls far short of making them absolutely safe, under all circumstances, even for those who use them properly."

Whether such an accident as the one in question ever happened before upon Buffalo road, we are not informed by the record; but if we could say that it is one the possibility of which might have suggested itself, nevertheless, for the court to hold the municipality responsible for its occurrence, would be to make of it an insurer against accidents as to all persons using the way. In my opinion, the evidence disclosed no actionable negligence and, therefore, it was error for the court to submit the case to the jury.

I advise the reversal of the judgment and the ordering of a new trial; with costs to abide the event.

VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur; CULLEN, Ch. J., dissents; HAIGHT, J., not voting.

Judgment reversed, etc.