### ENGEL v. CITY OF NEW YORK.

(Supreme Court, Appellate Term, First Department. March 5, 1914.)

1. MUNICIPAL CORPORATIONS (§ 768*) — TORTS — DEFECTS IN STREETS — SIDEWALKS.

A city was not liable for injuries sustained from a fall caused by plaintiff's stubbing her toe at a place where there was a drop in the sidewalk, which plaintiff's witnesses estimated at 3 to 4 inches, but which other witnesses, who made actual measurements, testified was only 1½ inches, especially where it was not shown that the city had notice.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1622, 1624, 1625; Dec. Dig. § 768.*]

2. MUNICIPAL CORPORATIONS (§ 763*)—TORTS—DEFECTS IN STREETS—CARE REQUIRED IN GENERAL.

A city is required to use reasonable care to keep its streets safe, in view of the extent of territory over which such care is to be exercised; but it is not an insurer of the safety of pedestrians, and is not rendered

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

liable because the surface of the street is such that it is possible for one to stub his toe and fall.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1612–1615; Dec. Dig. § 763.*]

Guy, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Josephine Engel against the City of New York. From a judgment for plaintiff, the defendant appeals. Reversed, and complaint dismissed.

Argued February term, 1914, before SEABURY, GUY, and DE-LANY, JJ.

Archibald R. Watson, of New York City (Terence Farley and Clarence L. Barber, both of New York City, of counsel), for appellant.

Albert Gross, of New York City, for respondent.

SEABURY, J. [1] Plaintiff has recovered a judgment against the city of New York, predicating the charge of negligence upon the claim that the sidewalk laid in front of 146 East Seventh street dropped about 3 inches below the sidewalk laid in front of 148 East Seventh street. The plaintiff testified:

"When I came to 146 East Seventh street, my left foot caught in a bad sidewalk; one stone was higher than the other."

She testified that she fell on her hands and knees and sustained the injury of which she now complains. This is the only evidence as to how the accident happened. While the plaintiff said that her foot "caught," the testimony of all the witnesses makes it clear that there was no open space between the sidewalk laid in front of 148 and the sidewalk laid in front of 146. What happened was that the plaintiff stubbed her toe and fell.

The witnesses called by the plaintiff estimated the difference in grade at from 3 to 4 inches; but two witnesses, who made actual measurements, testified that the difference was only 1½ inches. There is no evidence that the city had notice of the difference in grade complained of, and, even if it had, I do not think that under the circumstances disclosed any liability attached to the city because of this accident.

[2] Without attempting to lay down any hard and fast rule applicable under all circumstances, I do not think that negligence can be predicated upon the facts here proven. Reasonable care to keep the streets safe, in view of the extent of territory over which such care is to be exercised, is the measure of duty which the law requires of the city. It is not an insurer of the safety of all pedestrians, and is not rendered liable because the surface of the street is such that it is possible for one to stub his toe and fall. No liability on the part of the city was proved.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

DELANY, J., concurs. GUY, J., dissents.