J. L. BAKER, Respondent, v. J. W. LUSK, et al., Receivers of the ST. LOUIS and SAN FRANCISCO RAILROAD, Appellants.

Springfield Court of Appeals, February 6, 1918.

1. **MASTER AND SERVANT:** Injury to Servant: Assumed Risk. A railroad section hand replacing old with new ties assumed the risk of stumbling over fence posts scattered along the right of way and concealed by grass and weeds.

2. ———: ———: "Assumption of Risk." By assumption of risk is meant that the servant assumes all of those incidents and customs which ordinarily exist in the work in which he is concerned.

3. ———: ———: Negligence. That section hand replacing old with new ties in defendant's railroad track stumbled over fence posts scattered along the right of way and covered with grass did not show negligence of defendant.

Appeal from Pemiscot Circuit Court.—*Hon. Sterling H. McCarty,* Judge.

REVERSED.

*Evans & Mozley* for appellants.

*Ward & Reeves* for respondent.

FARRINGTON, J.—The plaintiff recovered a judgment against the defendants on account of personal injuries sustained while working as a section hand on defendant's right-of-way repairing the railroad track, and defendants have appealed.

The charge of negligence is that the defendants failed to exercise ordinary care in furnishing plaintiff with a reasonably safe place in which to work.

The facts are that defendants had prior to the time of the injury scattered along the right-of-way in the country some railroad ties, having thrown them down the embankment some ten or fifteen feet from the rails. They also had at some prior time scattered some fence posts along the right-of-way, put there for the purpose of repairing the railway fence. Plaintiff was a grown man and had worked nine days as a section hand for the defendants. Stating plaintiff's case from the most favorable evidence to him, he with some other section men were working under a foreman or section boss taking out old ties from beneath the rails and putting in the new ties that had been scattered along the right-of-way. Plaintiff was ordered by the foreman to bring the ties from where they had been thrown up to the track to replace the ties taken out. There was no particular order or direction to bring this particular tie which fell on and injured him. At the place plaintiff was working when injured the track was on a fill about three or four feet high, and the ties that he was working with had been thrown away from the track some ten of fifteen feet. He and a fellow-workman went to carry this tie up to the track and were toting it in the ordinary way. It appears that the grass and weeds which had grown along the right-of-way had covered up and obscured from view the fence posts or a fence post over which plaintiff had to travel in order to take the tie up to the track and which caused him to stumble or to slip and fall, thereby causing the tie to fall on and injure him. He therefore complains that defendants were negligent in permitting this post to be on the right-of-way where

he was placed to bring the ties to the track and that by reason of such negligence he was injured.

As we view this case it rides off on a well-grounded principle of law which has been stated in the case of Piorkowski v. Leschen & Sons Rope Co., 190 Mo. App. l. c. 603, 176 S. W. 258, as follows: ''Defendant cannot be held liable for failure to warn plaintiff under the circumstances attending plaintiff's injury. Where the danger is an extraordinary one, i. e., not ordinarily incident to the service, and the master has knowledge thereof, he is guilty of negligence if he fails to warn the servant of such danger; but where the danger is clearly obvious to any one and is one merely incident to the service, there is no duty to warn the servant thereof except where the latter has not reached the years of discretion.'' [See also, Braden v. Railroad, 174 Mo. App. l. c. 587, 161 S. W. 279; Roberts v. Telephone Co., 166 Mo. l. c. 378, 66 S. W. 155; Nugent v. Kauffman Milling Co., 131 Mo. 241, 33 S. W. 428.]

It is a matter of common knowledge to every one who knows anything about a railroad track and right-of-way that the right-of-way is used by railroad companies as a place where they may scatter ties and fence posts for the purpose of maintaining and operating the road and that in the ordinary and natural course of events the grass and weeds will at times grow up around such ties and posts and obscure them before the actual work of putting them in takes place.

It is also common knowledge that the right-of-way of a railroad track cannot be kept perfectly level and absolutely safe for those hired by it to maintain the road to work on and walk over.

We are not dealing in this case with a master who is maintaining a yard or some place where he requires and directs his employees to continually be walking over and across, but are dealing with a case where the particular work being done with reference to this tie and this fence post was isolated and temporary only. To require railroad companies to see that a paved way or absolutely

smooth walk is provided from every place they throw a tie along the railroad right-of-way to replenish the road in order that the section men may have such a walk or smooth way over which to pack the ties would render the operation of railroad impracticable.

This was clearly a risk which plaintiff assumed when he entered this service. By assumption of risk is meant that the servant assumes all of those incidents and customs which ordinarily exist in the work with which he is concerned. He does not have to know of or see every fence post or tie or rock or ditch or hole that may be along the railroad right-of-way over which he is ordered to walk and work, and because he does not see each particular and isolated obstruction or danger that may be lurking there makes it no less a risk concerning which he knows and has knowledge of and assumes because it is common knowledge to every one that such obstructions and defects and unlevel places are there by the very nature of things and by the very efficient operation of the work. The case falls clearly within the category of an accident rather than that of negligence.

It must be shown in order to recover in such a case that the master knew that the danger existed, which was shown in this case, but it must also be shown that the very presence of the thing complained about carries the idea of danger to the extent of awakening such idea in the mind of an ordinarily careful person. We say that the fact that a fence post thrown out on a railroad right-of-way with which to repair the fence would not awaken in the mind of a reasonably prudent person the idea that it was dangerous to leave it there because a section foreman might at some future time order one of his section hands to bring a tie to the track which might or would cause such workman to pass over the place where the post was left and be injured. [See, Starkey v. City of Greenville, 189 Mo. App. 352, 175 S. W. 314; Wilt v. Coughlin, 176 Mo. App. 275, 161 S. W. 888; Badgley v. St. Louis, 149 Mo. l. c. 133, 50 S. W.

817; Braden v. Railroad, 174 Mo. App. 584, 161 S. W. 279; Williams v. Railroad, 119 Mo. 316, 24 S. W. 782; 3 Elliott on Railroads, sec. 1272.]

This case is not to be confounded with those cases where the master prepares or undertakes to prepare a regular place for his servants to perform their work, such as a tie yard or wood yard or other place where there is continuous and constant passing over by employees. It falls in the class of isolated temporary employment where what was done is the ordinary and usual thing done from which no reasonably prudent person would anticipate the danger which caused the injury.

The judgment is reversed. *Sturgis, P. J.,* and *Bradley, J.,* concur.