## OLAVA OLSON v. CITY OF ST. PAUL.[1]

January 17, 1919.

No. 21,079.

**Municipal corporation — removal of snow from sidewalks — evidence admissible.**

In an action for injuries sustained by falling over snow allowed to accumulate on a sidewalk, evidence as to the number of miles of side-

[1] Reported in 170 N. W. 586.

walk in the city was admissible as bearing on the question of defend-
ant's negligence as relating to the time within which the city should
remove the snow.

Action in the district court for Ramsey county to recover $15,000
for injuries from a fall caused by a dangerous accumulation of ice and
snow upon a sidewalk in defendant city. The defense was that plaintiff's
injuries were caused by her own negligence and that the conditions and
risks were obvious to her and assumed by her. The case was tried before
Hanft, J., and a jury which returned a verdict in favor of defendant.
From an order denying her motion for a new trial, plaintiff appealed.
Affirmed.

*Samuel A. Anderson,* for appellant.

*O. H. O'Neill* and *W. J. Giberson,* for respondent.

QUINN, J.

Action to recover damages for personal injuries caused by the alleged
negligence of the defendant city in permitting snow and ice to accumu-
late and remain upon a public sidewalk so as to render it unsafe for
travel. Defendant had a verdict, and from an order denying her motion
for a new trial, plaintiff appealed.

The accident occurred on February 22, 1917, in the residence part
of the city. Abutting the sidewalk at the point in question was a vacant
lot. Immediately to the north thereof was the Silberg property facing
upon the same walk. Silberg had kept his walk clear of snow, but op-
posite the vacant lot the snow had not been removed during the winter,
with the result that it had gradually accumulated, so that on the line
between the vacant lot and the Silberg property the snow and ice were
from two to eight inches in depth.

Between six and seven o'clock in the evening on the day in question,
plaintiff was passing over the walk on her way home. Upon reaching
the point on the line between the vacant lot and the Silberg property,
she claims to have stumbled on the obstruction of snow and ice, and
fallen, thereby sustaining the injury to her person complained of herein.

At the trial the court, over the objection of plaintiff, permitted a wit-
ness for the defendant to testify that, at the time of the accident there

were in the city of St. Paul, 637 miles of sidewalk. The admissibility of this evidence is the only error complained of.

The duty of the city to keep its walks in a safe condition for travel is not limited to structural defects, but extends as well to dangerous accumulations of ice and snow. Wright v. City of St. Cloud, 54 Minn. 94, 55 N. W. 819. The necessity and importance of the rule depend largely upon the latitude. The only rule of general application, therefore, must be that of reasonable care in view of climatic and other conditions. Snow storms are frequent during the winter season in this locality. They come without warning and all the walks are covered at the same time so as to render them practically impassable. They must be put into safe condition within a reasonable time, or the municipality will be liable for damages occurring from their being so out of repair. That is, liable for neglecting to exercise reasonable care in keeping them safe. The winter of 1917 affords a good illustration. The snow storms were heavy and frequent.

Following heavy snow storms, such for instance as occurred on January 20, 1917, when the fall was 16½ inches, all walks were, to a greater or less degree, put out of repair. All were affected at the same time. All that is required is reasonable care under all the circumstances. But to determine whether the municipality was in the exercise of such care, its facility to cope with the situation would depend largely upon the number of miles of walk. We see no objection to the proof offered. Starkey v. City of Greenville, 189 Mo. App. 352, 175 S. W. 314; Reedy v. St. Louis Brewing Assn. 161 Mo. 523, 61 S. W. 859, 53 L.R.A. 805; Colby v. City of Portland, 85 Ore. 359, 166 Pac. 537; Crawford v. City of New York, 68 App. Div. 107, 74 N. Y. Supp. 261; Engel v. City of New York, 146 N. Y. Supp. 307.

Affirmed.